WALTER F. BUGDEN, JR. (480)
BUGDEN & ISAACSON, L.L.C.
445 East 200 South, Suite 150
Salt Lake City, UT 84111
Telephone: (801) 467-1700
Facsimile: (801) 746-8600

Attorneys for Carl Lavern Crites

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH / CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CARL LAVERN CRITES, RICHARD RAYMOND BOURRET, MARIE VIRGINIA CRITES and STEVEN L. SHRADER,<br><br>Defendants. | REQUEST FOR DISCOVERY, REQUEST FOR GIGLIO INFORMATION AND REQUEST FOR ALL RULE 404(b) EVIDENCE<br><br>Case No. 2:09-cr-00303-DB-1 |

Carl Lavern Crites, by and through his attorney, Walter F. Bugden, Jr., hereby requests that items of discovery identified below be disclosed to the defendant by the prosecution. Mr. Crites's request is made pursuant to Rule 16(a), Federal Rules of Criminal Procedure, the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution, as well as *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).

1. Complete copies of any and all service agreements entered into between the United States, the FBI, the BLM, the IRS and/or any other state or federal agency and 'the Source."

2. A complete copy of the "source"/confidential informant file.

3. A complete explanation of any and all offers of leniency, written or oral, that were extended to "the Source" by any individual representing or acting as an agent of the United States Government, including, but not limited to, the Federal Bureau of Investigations (FBI), the United States Bureau of Land Management (BLM), the United States Internal Revenue Services (IRS), the United States Drug Enforcement Agency (DEA), United States Attorney's office, United States Department of Justice and/or any other agency. For each offer of leniency identified, the defendant requests.

    a. The identity of the individual who made the offer of leniency;

    b. The date of the offer of leniency;

    c. The substance of the offer of leniency;

    d. The identity of every person present at the time the offer was extended.

4. A list identifying the date, time, location and identity of participants of every conversation known to "the Source" and/or any agent of the United States Government involving the September 14, 2008, excavation that is the subject of the Indictment against Mr. Crites.

5.  Copies of any and all recorded conversations known to "the Source" and/or any agent of the United States Government involving the September 14, 2008, excavation that is the subject of the Indictment against Mr. Crites.

6.  The date, time, location and identity of participants of each and every conversation that supports or relates in any way to statements set forth in a letter dated September 4, 2008, from the United States Attorney's office to the Bureau of Land Management that:

   a.  "Your confidential source . . .has been asked to participate in the excavation of an archeological site which may include a Native American burial site."

   b.  "The source cannot refuse to participate in the excavation without risking disclosure of his status. AIt is apparent that the target of the investigation intends to conduct the excavation with or without the source's participation."

   c.  Any efforts to prevent the excavation at this time would create a substantial risk that the entire undercover operation would be exposed."

7.  Copies of any and all recorded conversations that relate in any way to the items requested and statements identified in paragraph/request 3.

8.  All information known to the United States Government relating to the fact that the site was the subject of prior "looting," including, if known:

   a.  The date of such looting;

   b.  Identity of any individuals involved.

9. Copies of any and all documentation relating in any way to the manner in which the site was chosen for excavation by the Source and/or any agent of the United States Government.

10. All reports, notes and/or documentation of any kind that relates in any way to the following statement contained in the Damage Assessment Report for Site 425A9266 under the heading "Damage Assessment procedures Prefield Research": AHowever, this particular site was chosen based on the informant's personal knowledge that burials were present."

11. Copies of any and all reports, notes, documents or photos/videos relating to any visit to the site prior to the alleged illegal excavation by "the Source" and any agent of the United States Government, including but not limited to BLM Monticello Field Office law enforcement ranger Marie Tuxhorn.

12. Any information known to any law enforcement agent and/or agent of the United States Government that "the Source" had been involved in any way in prior looting of the archaeological site that is the subject of this Indictment against Carl Lavern Crites or looting of any archeological sites whatsoever.

13. Copies of any and all documentation demonstrating that the United States Government consulted with and/or received permission from any Indian tribe which may consider the site as having religious or cultural importance as stated in §4(c) of the Agricultural Resources Protection Act of 1979 (ARPA).

14. Copies of any and all documentation demonstrating that any agent of the United States Government provided notice of any kind to any Native American tribes as

required by §10.3 and/or §10.5 of the Native American Grave Protection and Repatriation Act (NAGPRA).

15. The September 14, 2008 excavation operation plan including but not limited to all procedures, operational guidelines, rules and/or protocol establishing the manner in which undercover excavation of archeological sites were to be undertaken including:

    a. Any restriction on excavation;

    b. Application process;

    c. Approval process.

16. Recordings of conversations between Ted Gardiner and Carl Lavern Crites on the following dates:

    a. Phone call on June 16, 2008 (see page 19 of Crites' Search Warrant);

    b. Phone call on July 9, 2008 (see page 20 of Crites' Search Warrant);

    c. Phone call in approximately mid August 2008 confirming August 26, 2008 dig (see page 20 of Search Warrant);

    d. Phone call approximately one (1) week prior to September 14, 2008 to schedule trip with Crites on September 14, 2008.

17. A complete list of any and all criminal offenses known by any agent of the United States Government to have been committed by "the Source," or for which "the Source" is/was accused, whether or not those offenses were prosecuted criminally.

18. Any inducements, benefits, rewards or other forms of consideration of any kind offered to "the Source" by any individual representing or acting as an agent of the United States Government, including, but not limited to, agents of the FBI, BLM, IRS, DEA, United States Attorney's office, United States Department of Justice and/or any other state or local law enforcement agency, including:

    a. Promises or agreements not to prosecute any offense against "the Source" and/or his family, friends or associated;

    b. A full accounting of monetary or in-kind payments to "the Source" including dates, times and amounts of payments;

    c. Benefits extended to "the Source" in administrative actions of any kind, including administrative or civil actions brought or threatened against "the Source" by the IRS.

19. Complete printouts of any and all records available to the United States Government and/or any law enforcement agency associated with the United States Government that reflects the arrest, conviction and/or investigative history of offenses involving "the Source."

20. Any report, documentation or information of any kind that describes in any way criminal activities of "the Source," which was committed by "the Source" prior to the execution of any service agreement with the United States Government or which was undertaken after execution of the service agreement without the authority or approval of the United States Government, but for which the Government has elected, formally or informally, not to prosecute, including, but not limited to:

      a.    "The Source's" misappropriation of government funds during the artifacts investigation;

      b.    "The Source's" possession, use or attempts to possess or use controlled substances of any kind during the illegal artifacts investigation;

      c.    "The Source's" failure to report artifacts sales, transactions or trades to supervising agents;

      d.    Instances in which "the Source" provided false or misleading information to the United States Government;

      e.    Any and all evidence relating to any IRS investigation of "the Source" and/or any other person or entity related to "the Source."

21.    All instances knows to the United States Government and/or its agents wherein "the Source" provided false and/or misleading information to any member of law enforcement, including any agent of the United States Government.

22.    A complete copy of the 390-page address book identified in an FBI 302 statement dated November 19, 2006 (#00291).

23.    Every instance wherein "the Source" purchased/traded artifacts from or with a target of the investigation wherein "the Source" had previously owned or possessed the artifact purchased or traded. For every instance so identified, the following is requested:

      a.    The identity of the artifacts;

  b. Any and all provenance documents and/or documents or ownership/origin relating to the artifacts;

  c. Any and all documents, receipts and/or sales slips that relate to prior transactions.

  d. Any and all reports, notes, documentation that relate to any interaction between any agent of the United States Government and/or law enforcement and "the Source" that predate the execution of the service agreements executed by "the Source" in this case.

## RULE 404(b) REQUEST

24. Identify with specificity and produce corresponding reports of any and all Rule 404(b) prior bad act evidence the United States Government intends to introduce at the Defendant's trial.

DATED this 15th day of January, 2010.

             BUGDEN & ISAACSON, L.L.C.


             By: /S/_____
               WALTER F. BUGDEN, JR.
               Attorneys for Carl Lavern Crites