CARLIE CHRISTENSEN, Acting United States Attorney (#0633)
RICHARD D. McKELVIE, Assistant United States Attorney (#2205)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682   Fax: (801) 524-4475

_____

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:09 CR 303 DB |
| Plaintiff, | |
| vs. | **UNITED STATES' RESPONSE TO DEFENDANT BOURETT'S SUPPLEMENTAL REQUEST FOR DISCOVERY AND *GIGLIO* INFORMATION** |
| CARL LAVERN CRITES MARIE V. CRITES, and RICHARD R. BOURETT, | |
| Defendants. | Hon. Dee Benson |

_____

Pursuant to Fed. R. Crim. P. 16(a)(1), the United States of America hereby files its responses to Richard R. Bourett's ("the Defendant's") Request for Discovery and *Giglio* Information.

1. A complete copy of the Service Agreement entered into between the FBI and the Confidential Source is being provided contemporaneously with these responses.

2. Defendant is not entitled to a complete copy of the Confidential Source's File.  *See* Fed. R. Crim. 16(a)(1) and (2).  Copies of the Service Agreement, Hold Harmless Agreement, NCIC check, and payment records contained in the Confidential Source's file are being provided contemporaneously with these responses.

3. There were no offers of leniency, written or oral, extended to any witness in this case including, but not limited to, the Confidential Source by any individual representing or acting as an agent of the United States.

4. The Defendant is not entitled to a list identifying the date, time, location, and identity of participants of every conversation known to the Confidential Source or any agent of the United States involving the September 14, 2008 excavation of a burial site. See Fed. R. Crim. 16(a)(1) and (2). With the exception of two recordings, which are being provided contemporaneously with these responses, the United States previously provided to the Defendant all discoverable material which pertains to the September 14, 2008 excavation.

5. With the exception of two recordings, which are being provided contemporaneously with these responses, copies of all recorded conversations known to the Confidential Source and any agent of the United States involving the September 14, 2008 excavation were previously provided to the Defendant.

6. The Defendant is not entitled to the date, time, location, and identity of participants of every conversation that supports or relates to statements contained in a letter dated September 4, 2008 from the United States Attorney's Office to the Bureau of Land Management. See Fed. R. Crim. 16(a)(2). The United States previously provided to the Defendant all discoverable material which pertains to the September 4, 2008 letter.

7. There are no recorded conversations that relate in any way to the items requested and statements identified in paragraph three.

8. The United States has no information pertaining to the claim that the excavation site was the subject of prior looting. The Defendant, Vern Crites, claimed that the site was the

subject of prior looting and all discoverable information pertaining to his claim was previously provided to the Defendant.

9. The United States has no documentation relating to the manner in which the site was chosen for excavation by the Confidential Source or the United States because the site was chosen for excavation by the defendant, Vern Crites. All discoverable information pertaining to Vern Crites' choice of an excavation site was previously provided to the Defendant.

10. The United States does not have any reports, notes and/or documentation that relates to the following statement contained in the Damage Assessment Report for Site 425A9266: "However, this particular site was chosen based on the informant's personal knowledge that burials were present." This statement in the report is erroneous. The burial site was not chosen based upon the informant's personal knowledge, but based upon the defendant, Vern Crites' knowledge. All discoverable material that pertains to the defendant, Vern Crites' knowledge about this site was previously provided to the Defendant.

11. With the exception of one set of reports, which is being provided contemporaneously with these responses, copies of any reports, notes, documents or photos/videos relating to any site visit by the Confidential Source or an agent of the United States prior to the excavation were previously provided to the Defendant.

12. The United States does not have any information that the Confidential Source and/or any other known individual was involved in prior looting of the burial site.

13. The United States does not have any documentation demonstrating that the United States consulted with and/or received permission from any Indian tribe because the Archaeological Resources Protection Act ("ARPA") does not require consultation with or

permission from Indian tribes when the excavation is not authorized by a permit from an appropriate federal land manager.

14. The United States does not have any documentation demonstrating that the United States provided notice to any Native American tribes because ARPA does not require notice to Native American tribes when the excavation is not authorized by a permit from an appropriate federal land manager.

15. There is no excavation operations plan, procedures, operational guidelines, roles and/or protocols establishing the manner in which the undercover excavation of the burial site was undertaken.

16. A written record of the requested conversations between Vern Crites and the Confidential Source were previously provided to the Defendant. There is no written record of a conversation one week prior to September 14, 2008.

DATED this 16th day of February, 2010.

                CARLIE CHRISTENSEN
                Acting United States Attorney


                /s/ Carlie Christensen
                CARLIE CHRISTENSEN
                RICHARD D. MCKELVIE
                Assistant United States Attorneys

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I am an employee of the United States and that copies of the United States' Response to Defendant's Request for Discovery and *Brady/Giglio* Information were electronically transmitted to all parties named below, this 16th day of February, 2010:

      Mark R Moffat
      BROWN BRADSHAW & MOFFAT
      10 West Broadway, Suite 210
      Salt Lake City, Utah 84101

      /s/Carlie Christensen