CARLIE CHRISTENSEN, Acting United States Attorney (#0633)
RICHARD D. McKELVIE, Assistant United States Attorney (#2205)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682   Fax: (801) 524-4475

_____

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CARL LAVERN CRITES MARIE V. CRITES, and RICHARD R. BOURETT,<br><br>Defendants. | Case No. 2:09 CR 303 DB<br><br>**UNITED STATES' RESPONSE TO DEFENDANT LAVERN CRITES' REQUEST FOR DISCOVERY, *GIGLIO* INFORMATION AND 404(b) EVIDENCE**<br><br>Hon. Dee Benson |

_____

Pursuant to Fed. R. Crim. P. 16(a)(1), the United States of America hereby files its responses to Carl LaVern Crites' ("the Defendant's") Request for Discovery, *Giglio* Information and 404(b) Evidence.

1. A complete copy of the Service Agreement entered into between the FBI and the Confidential Source is being provided contemporaneously with these responses.

2. Defendant is not entitled to a complete copy of the Confidential Source's File.  *See* Fed. R. Crim. 16(a)(1) and (2).  Copies of the Service Agreement, Hold Harmless Agreement and payment records contained in the Confidential Source's file are being provided contemporaneously with these responses.

3. There were no offers of leniency, written or oral, extended to any witness in this case including, but not limited to, the Confidential Source by any individual representing or acting as an agent of the United States.

4. The Defendant is not entitled to a list identifying the date, time, location, and identity of participants of every conversation known to the Confidential Source or any agent of the United States involving the September 14, 2008 excavation of a burial site.  *See* Fed. R. Crim. 16(a)(1) and (2).  With the exception of two recordings, which are being provided contemporaneously with these responses, the United States previously provided to the Defendant all discoverable material concerning conversations which pertain to the September 14, 2008 excavation.

5. With the exception of two recordings, which are being provided contemporaneously with these responses, copies of all recorded conversations known to the Confidential Source and any agent of the United States involving the September 14, 2008 excavation were previously provided to the Defendant.

6. The Defendant is not entitled to the date, time, location, and identity of participants of every conversation that supports or relates to statements contained in a letter dated September 4, 2008 from the United States Attorney's Office to the Bureau of Land Management.  *See* Fed. R. Crim. 16(a)(2).  The United States previously provided to the Defendant all discoverable material which pertains to the September 4, 2008 letter.

7. There are no recorded conversations that relate in any way to the items requested and statements identified in paragraph three.

8. The United States has no information pertaining to the claim that the excavation site was the subject of prior looting.  The Defendant claimed that the site was the subject of prior

looting and all discoverable information pertaining to his claim was previously provided to the Defendant.

9. The United States has no documentation relating to the manner in which the site was chosen for excavation by the Confidential Source or the United States because the site was chosen for excavation by the Defendant. All discoverable information pertaining to the Defendant's choice of an excavation site was previously provided to the Defendant.

10. The United States does not have any reports, notes and/or documentation that relates to the following statement contained in the Damage Assessment Report for Site 425A9266: "However, this particular site was chosen based on the informant's personal knowledge that burials were present." This statement in the report is erroneous. The burial site was not chosen based upon the informant's personal knowledge, but based upon the Defendant's knowledge. All discoverable material that pertains to the Defendant's knowledge about this site was previously provided to the Defendant.

11. With the exception of one set of reports, which is being provided contemporaneously with these responses, copies of any reports, notes, documents or photos/videos relating to any site visit by the Confidential Source or an agent of the United States prior to the excavation were previously provided to the Defendant.

12. The United States does not have any information that the Confidential Source and/or any other known individual was involved in prior looting of the burial site.

13. The United States does not have any documentation demonstrating that the United States consulted with and/or received permission from any Indian tribe because the Archaeological Resources Protection Act ("ARPA") does not require consultation with or

permission from Indian tribes when the excavation is not authorized by a permit from an appropriate federal land manager.

14. The United States does not have any documentation demonstrating that the United States provided notice to any Native American tribes because ARPA does not require notice to Native American tribes when the excavation is not authorized by a permit from an appropriate federal land manager.

15. There is no excavation operations plan, procedures, operational guidelines, roles and/or protocols establishing the manner in which the undercover excavation of the burial site was undertaken.

16. A written record of the requested conversations between the Defendant and the Confidential Source were previously provided to the Defendant. There is no written record of a conversation one week prior to September 14, 2008.

17. The Confidential Source has no felony or misdemeanor convictions.

18. No inducements, benefits, rewards or others forms of consideration of any kind were offered to the Confidential Source beyond those contained in the Service Agreement which is being provided to the Defendant contemporaneously with these responses.

19. A copy of the NCIC printout for the Confidential Source is being provided to the Defendant contemporaneously with these responses.

20. Discovery related to *Giglio v. United States*, 405 U.S. 150 (1972) will be provided to the Defendant sufficiently in advance of trial that Defendant's counsel will have an adequate opportunity to use the disclosed material to prepare and present the defendant's case.

21. Discovery related to *Giglio v. United States*, 405 U.S. 150 (1972) will be provided to the Defendant sufficiently in advance of trial that the Defendant's counsel will have an adequate opportunity to use the disclosed material to prepare and present the defendant's case.

22. The requested "address book" is not discoverable because it is not material to preparing the defense in this case and its disclosure would constitute an unwarranted invasion of personal privacy. The document consists of 390 pages of individual names and e-mail addresses. The book does not contain any records of sales transactions. The individuals whose names and e-mail addresses are contained in the book have a substantial interest in the nondisclosure of their identities and any connection they may have to a particular criminal investigation. If the Defendant contends that despite this description of the document, he is still entitled to inspect it, the United States will submit the document to the court for an in camera determination as to its materiality and whether disclosure would violate the privacy rights of the individuals whose names and addresses are contained in the book.

23. In those circumstances where the Confidential Source purchased/traded artifacts from or with a target of the investigation *during* the operation and where the Source had previously owned or possessed the artifact purchased, to the extent there exists documentation concerning the identity of the purchases/traded artifacts, any provenance documents, and receipts or sales slips were previously provided to the Defendant. In those circumstances where the Confidential Source purchased/traded artifacts from or with a target of the investigation *prior* to the operation and where the Source had previously owned or possessed the artifact purchased, to the extent there exists documentation concerning the identity of the artifacts, any provenance documents,

and receipts or sales slips are being provided to the Defendant contemporaneously with these responses.

24. The United States will provide reasonable notice in advance of trial of any 404(b) evidence which the United States intends to introduce at trial.

DATED this 16th day of February, 2010.

                                    CARLIE CHRISTENSEN
                                    Acting United States Attorney


                                    /s/ Carlie Christensen
                                    CARLIE CHRISTENSEN
                                    RICHARD D. MCKELVIE
                                    Assistant United States Attorneys

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I am an employee of the United States and that copies of the United States' Response to Defendant's Request for Discovery, *Giglio* Information and 404(b) Evidence were electronically transmitted to all parties named below, this 16th day of February, 2010:

      Walter F. Bugden
      445 East 200 South, Suite #150
      Salt Lake City, Utah 84111

      /s/Carlie Christensen